1  THOMAS P. O'BRIEN
   United States Attorney
2  CHRISTINE C. EWELL
   Assistant United States Attorney
3  Chief, Criminal Division
   JOSEPH T. MCNALLY (Cal. State Bar No.: 250289)
4  Assistant United States Attorney
        1200 United States Courthouse
5       312 North Spring Street
        Los Angeles, California 90012
6       Telephone: (213) 894-6841
        Facsimile: (213) 894-0141
7       E-mail:    Joseph.McNally@usdoj.gov

8  Attorneys for Plaintiff
   United States of America

9
                    UNITED STATES DISTRICT COURT
10
                FOR THE CENTRAL DISTRICT OF CALIFORNIA
11
   UNITED STATES OF AMERICA,   ) NO. CR 07-1092-RGK
12                             )
             Plaintiff,        ) FINDINGS OF FACT AND ORDER
13                             ) REGARDING CONTINUANCE OF TRIAL DATE
             v.                ) AND EXCLUDABLE TIME PERIODS UNDER
14                             ) SPEEDY TRIAL ACT
   PATRICIA ANDERSON,          )
15                             ) Current Trial Date: 3/4/08
             Defendant.        )
16                             ) Proposed Trial Date: 6/10/08
                               )
17

18      Pursuant to the parties' stipulation and the Court's

19 findings set forth below, IT IS HEREBY ORDERED that the period

20 from February 20, 2008 to June 10, 2008 is excluded from the

21 period of time within which the trial of this matter must

22 commence under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. The

23 Court further orders that the trial date set for March 4, 2008 is

24 continued to June 10, 2008.

25      In connection with this order, the Court makes the following

26 findings:

27      1.   Defendant first appeared before a judicial officer in

28 the court in which this charge is pending on January 7, 2008.
   The Indictment in this case was filed on September 28, 2007.  The

Speedy Trial Act of 1974, 18 U.S.C. § 3161 et seq. ("Speedy Trial Act"), originally required that the trial commence on or before March 19, 2008.

    2.    On January 7, 2008, defendant was arraigned on the Indictment. The Court set a trial date of March 4, 2008.

    3.    Absent stipulations, the parties estimate that the trial in this matter will last approximately 2-3 days.

    4.    Defendant is out of custody on bond pending trial.

    5.    The Court further finds:

        a.    The Indictment in this case charges defendant with violations of 18 U.S.C. § 1341 and 18 U.S.C. § 641.

        b.    On February 1, 2008, the government provided defense counsel with 126 pages of discovery in this case.

        c.    Defense counsel has concerns about the competency of defendant.

        d.    Additional time in needed in order to allow a mental health professional to evaluate defendant and provide information regarding her competency for standing trial, and determining whether her mental health may bear on a defense in this case.

        e.    Failure to grant the above-requested continuance in order to allow defendant to be evaluated would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

        f.    Defense counsel believes that failure to grant the continuance would result in a miscarriage of justice because defense counsel will not have sufficient time to confer with defendant, conduct additional factual investigation, review

1  potential evidence in the case and prepare for trial in the event
2  that a pretrial resolution of the case does not occur.  The
3  government does not object to the continuance.
4         g.    Defense counsel has conferred with defendant
5  regarding this requested continuance of the trial date and
6  advised her of her rights under the Speedy Trial Act.  Defendant
7  concurs in the request to continue the trial to June 10, 2008.
8         h.    Based on the above-stated findings, the ends of
9  justice served by continuing the case as requested outweigh the
10 interest of the public and the defendant in a trial within the
11 original date prescribed by the Speedy Trial Act.
12    6.    For the purpose of computing time under the Speedy
13 Trial Act, 18 U.S.C. § 3161, et seq., within which trial must
14 commence: The time period from February 20, 2008 to June 10, 2008
15 should be excluded pursuant to 18 U.S.C. §§ 3161 (h)(1)(A),
16 3161(h)(8)(A), 3161(h)(8)(B)(I), and 3161(h)(8)(B)(iv) because it
17 results from a continuance granted by the judge at the
18 defendant's request without government objection on the basis of
19 the judge's finding that the ends of justice served by taking
20 such action outweigh the best interest of the public and the
21 defendant in a speedy trial.  More specifically, failure to grant
22 the requested continuance would result in a miscarriage of
23 justice.

7. The parties agree and stipulate, and request, that the Court find that nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which trial must commence.

IT IS SO ORDERED.

DATED: February 21, 2008

_____
HON. GARY KLAUSNER
United States District Judge

Presented by:

          /s/
_____
JOSEPH T. MCNALLY
Assistant United States Attorney